————o————

## No. 6290.

## ELKHARDT BRIDGE & IRON CO. vs. BOARD OF COMMISSIONERS, PORT OF NEW ORLEANS.

### Syllabus.

1. Damages stipulated for delay in the performance of a contract are apart from the damages for the non-execution of the contract; the latter are never due when the contract has been fully performed even though tardily, the former are due for the mere delay.

2. Failure to complete and deliver a thing at a time agreed upon is a *total* breach of the obligation to make the delivery at the

time fixed, even though the object be partly completed at the time.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 107,143. Honorable G. H. Theard, Judge.

P. M. Milner, for plaintiff and appellant.

Jas. Wilkinson, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the 'Court, as follows:

Plaintiff undertook to construct a shed for defendant within a given delay, and to pay liquidated damages at the rate of $25 per day for each additional day's delay.

Having delayed 71 days beyond the time agreed upon, it was paid the contract price in full, less the sum of $1,775, being a deduction of $25 per day for 71 days.

This sum it now seeks to recover, on the ground that defendant suffered no damage whatsoever by the aforesaid delay, and that under the provisions of Art. 1934 of the Civil Code, "when the contract is executed in part the damages agreed on by the parties may be reduced to the loss really suffered."

In our opinion the above has no possible application to the case at bar.

Article 2125, C. C., shows that "liquidated damages" and **penalites**, are one and the same thing—and may be stipulated either for the **non-execution** of the contract, or for **mere delay** in the execution thereof.

In the case before us there is no question of the non-performance of a contract. The contract, though tardily was none the less fully performed and no damage for its non-execution could be allowed even if claimed. One

— 193 —

cannot demand both the performance of a contract and the penalty for its non-performance. C. C., 2125.

Hence there is no question in that respect of penalty or damage for non-execution of a contract; and therefore no room for a reduction of damages because of partial performance.

But the damages or penalites here in question were clearly stipulated for **mere delay** in the performance of the contract, and quoad the **time** of performance plaintiff was not partially but **totally** in default.

For there was and could be no partial performance in that respect; the shed was to be completed and delivered as a whole, not in parts; and plaintiff either did or did not complete and deliver it on the day agreed upon. If it did not it owes the whole penalty because the breach was **total**, not partial.

Judgment Affirmed.

Opinion and decree, February 1st, 1915.

Rehearing refused, February 17th, 1915.

Writ denied, March 24th, 1915.